FILED10MAR 01 13:21USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MERRILL LYNCH COMMERCIAL
FINANCE CORP., a Delaware corporation,

    Plaintiff,

    v.

MARK S. HEMSTREET, an individual;
SHILO MANAGEMENT CORPORATION,
an Oregon corporation; JDCK, LLC, an
Oregon limited liability company; TROY
LODGE, LLC, an Oregon limited liability
company; and LSSR, LLC, an Oregon limited
liability company,

    Defendants,

    v.

MERRILL LYNCH & CO., INC.,
Counterclaim-Defendant.

ORDER
Civil No. 09-1061-HA

HAGGERTY, District Judge:

    Defendants move for an order remanding this matter to state court [7]. Oral argument is deemed unnecessary. For the reasons outlined below, the motion is granted.

1 - ORDER

## BACKGROUND

This action was commenced in the Circuit Court of the State of Oregon for Multnomah County on March 23, 2009. Defendants were served on June 23, 2009, and filed an Answer on July 10, 2009. On August 3, 2009, defendants filed an Amended Answer asserting claims against plaintiff and against counterclaim-defendant, Merrill Lynch & Co., Inc. (Merrill).

On September 4, 2009, Merrill filed a Notice of Removal to this court, accompanied by a Consent signed by plaintiff Merrill Lynch Commercial Finance Corp. (Merrill Finance). Defendants subsequently moved to remand. That motion is well-taken.

## STANDARDS

The general removal statute, 28 U.S.C.A. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a) (emphasis added). Section 1446 of Title 28 of the United States Code establishes the procedures for removal of a case under § 1441. *See* 28 U.S.C.A. § 1446.

Asserting a motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037-38 (9th Cir. 1995). There is a "strong presumption" against removal and the burden of persuasion is placed upon the party seeking removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (because Congress restricted the jurisdiction of

federal courts on removal, the removal statute is strictly construed against removal jurisdiction) (pre-1988 amendment); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (recognizing that federal jurisdiction must be rejected if there is any doubt as to the right of removal and that the burden of establishing federal jurisdiction falls to the party invoking the statute) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

## DISCUSSION

Defendants assert correctly that removal statutes are strictly construed and removal is disfavored. While counsel found no authorities within the Ninth Circuit directly addressing whether a counterclaim defendant can seek removal, this court concurs with the well-reasoned decision by the Fourth Circuit that held that a counterclaim defendant has no right to remove the case to federal court, since it is not a "defendant" in the traditional sense of the term. *Palisades Collections, LLC v. Short*, 552 F.3d 327 (4th Cir. 2008). The Fourth Circuit's ruling is in accordance with *Shamrock Oil* and is persuasive authority for purposes of resolving plaintiff's motion:

> Of course, additional counter-defendants, like third-party defendants, are certainly not defendants against whom the original plaintiff asserts claims. Thus, we easily conclude that an additional counter-defendant is not a "defendant" for purposes of § 1441(a). * * * Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants. In crafting § 1441(a), however, Congress made the choice to refer only to "the defendant or the defendants," a choice we must respect.

*Palisades Collections*, 552 F.3d at 333 (citations and internal quotations omitted).

This court concludes that counterclaim-defendant Merrill is not a defendant and lacks the power to remove an action from state court.

Opposing counsel's efforts to advance a more liberal interpretation of *Shamrock Oil*, and the Ninth Circuit precedent regarding removal, are unavailing.

**CONCLUSION**

For the reasons provided above, defendants' Motion to Remand to State Court [7] is GRANTED. By this Order, Civil No. 09-1061-HA is remanded to the Circuit Court of the State of Oregon for Multnomah County. Accordingly, plaintiff's Motion for Summary Judgment [12] and defendants' Motion to Hold Summary Judgment Proceedings in Abeyance [18] are denied as moot. This action is closed, and any other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this ___1___ day of March, 2010.

_____
Ancer L. Haggerty
United States District Judge